Nov 29 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80980-CIV-RYSKAMP/VITUNAC

UNITED TECHNOLOGIES CORPORATION, )
)
      Plaintiff, )
)
vs. )
)
RUSSELL MAZER, WEST-HEM AIRCRAFT )
SUPPLIES, INC. and AIRCRAFT POWER )
MAINTENANCE, N.V. )
)
      Defendants. )
)
_____ )

**DEFENDANT, WEST-HEM AIRCRAFT SUPPLIES, INC.'S,
MOTION TO DISMISS COUNTS I, IV, AND VII OF PLAINTIFF'S COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, West-Hem Aircraft Supplies, Inc. ("West-Hem"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Counts I, IV, and VII of the Complaint filed by Plaintiff, United Technologies Corp. ("United"). In support thereof, West-Hem states:

### I. INTRODUCTION

This is an action by Plaintiff alleging three counts against West-Hem: (1) civil theft; (2) conversion; and (3) unjust enrichment. Because Plaintiff has failed to state a claim upon which relief may be granted, West-Hem has filed this Motion to Dismiss.

FTL:1574938:1

1

RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

8/cj

## II. FACTS

Plaintiff specifically alleges that Russell Mazer ("Mr. Mazer") orchestrated the theft of certain blueprints (the "Blueprints") from Plaintiff's facility in Connecticut. (Complaint, ¶¶8, 11-13, 22-23). Further, Plaintiff alleges that Mr. Mazer sold the Blueprints for approximately $25,000 to a Defendant in this case, Aircraft Power Maintenance, N.V. ("APM"). (Complaint, ¶34). APM is a Belgian company with its principal place of business in Belgium. According to the Complaint, the Blueprints were shipped to Belgium. (Complaint, ¶28).

Significantly, the Complaint fails to allege that West-Hem acted with felonious intent or that West-Hem retained any benefit from the Blueprints. Also, while the Complaint alleges that APM sought to use the Blueprints in the course of its business for its own profit, there is no allegation that West-Hem sought to use the Blueprints in its own business. (Complaint, ¶38).

## III. ARGUMENT

### A. Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted For Civil Theft.

Plaintiff has failed to state a claim against West-Hem for civil theft (Count I) because: (1) Plaintiff has failed to allege that West-Hem acted with felonious intent; (2) Plaintiff has failed to allege civil theft with any specificity; and (3) the Florida civil theft statute is inapplicable because the alleged theft occurred in Connecticut.

#### 1. Plaintiff Has Failed To Allege That West-Hem Acted With Felonious Intent

Plaintiff fails to state a claim against West-Hem for civil theft. To state a claim for civil theft, one must allege that the defendant acted with felonious intent. *See, Lewis v. Heartsong, Inc.*, 559 So. 2d 453 (Fla. 1st DCA 1990). *See also, Ames, M.D. v. Provident Life and Accident*

*Ins. Co.*, 942 F. Supp. 551 (S.D. Fla. 1994) (this Court held that a jury instruction failing to advise jury of felonious intent requirement necessitated a new trial on a civil theft claim). In this case, the Complaint fails to allege that West-Hem acted with felonious intent.

Furthermore, Plaintiff cannot allege felonious intent on the part of West-Hem because an important document that it refers to in the Complaint refutes such intent. When a plaintiff refers to documents in the complaint which are central to the plaintiff's claims the court may consider the documents part of the pleadings for purposes of a Rule 12(b)(6) dismissal and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir. 1997); *Marrari v. Medical Staffing Network Holdings, Inc.*, 2005 WL 2462047 (S.D. Fla. 2005); *Jackson v. Bellsouth Telecommunications, Inc.*, 181 F.Supp. 2d 1345 (S.D. Fla. 2001).

Specifically, Plaintiff admitted in a pre-suit notice letter required by the civil theft statute that Mr. Mazer alone had the requisite felonious intent. In other words, Plaintiff has admitted in writing that Mr. Mazer was the only person who had felonious intent. A copy of the pre-suit notice letter is attached to this Motion as Exhibit "A." Plaintiff refers to this letter in paragraph 48 of the Complaint.

Because Plaintiff has failed to allege that West-Hem acted with felonious intent, and because Plaintiff has identified Mr. Mazer as being solely responsible for the theft, Plaintiff's civil theft claim against West-Hem should be dismissed for failure to state a claim upon which relief may be granted.

### 2. Plaintiff Has Failed to Plead Civil Theft With Any Specificity

Plaintiff has also failed to plead civil theft with sufficient specificity. In order to state a claim for civil theft, the plaintiff must plead the time and place of the alleged theft. *American Seafood, Inc. v. Clawson,* 598 So. 2d 273 (Fla. 3d DCA 1992). Plaintiff fails to even identify the year in which the Blueprints were allegedly stolen. Consequently, the civil theft claim fails to state a claim upon which relief may be granted.

### 3. The Florida Civil Theft Statute Is Inapplicable Because The Alleged Theft Occurred In Connecticut

Additionally, the Florida Civil Theft Statute is inapplicable and therefore Count I must be dismissed. Specifically, the civil theft statute is inapplicable where the alleged theft occurs outside of the State of Florida. *Altadis USA, Inc. v. NPR, Inc.,* 308 F. Supp. 2d 1304 (M.D. Fla. 2004). In the instant case, the purported theft occurred when the Blueprints were allegedly stolen from Plaintiff's Connecticut facility and misappropriated in Belgium. Plaintiff does not allege that West-Hem has ever used the Blueprints in the course of its business in Florida. According to Plaintiff's Complaint, the only Florida connection is the mere passage of the Blueprints through Florida. Therefore, Plaintiff's civil theft claim against West-Hem must fail as a matter of law.

### B. Plaintiff Has Failed To State A Claim For Unjust Enrichment

Plaintiff has also failed to state a claim against West-Hem for unjust enrichment (Count VII). To state a claim for unjust enrichment, the plaintiff must plead that: (1) the plaintiff conferred a benefit on defendant which defendant is aware; (2) the defendant has knowledge of

FTL:1574938:1

4

RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for it. *Media Services Group, Inc. v. Bay Cities Communication, Inc.*, 237 F.3d 1326 (11th Cir. 2001); *Macmorris v. Wyeth, Inc.*, 2005 WL 1528626 (M.D. Fla. 2005). It follows that a complaint should be dismissed where there is no allegation that the defendant received a benefit from the plaintiff. *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Florida, N.A.*, 667 So. 2d 876 (Fla. 3d DCA 1996).

In this case, Plaintiff has failed to plead that West-Hem retained any benefit from United. Specifically, Plaintiff does not plead that West-Hem received the proceeds of the alleged sale to APM. As the pleading alleges that Mr. Mazer orchestrated the alleged theft, there are no allegations that anyone other than Mr. Mazer retained the benefit of any sale to APM. Thus, Count VII should be dismissed.

### C.  Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted For Conversion

Plaintiff also fails to state a claim upon which relief can be granted for conversion (Count IV). In order to state a claim for conversion, the plaintiff must allege when and where the subject property is converted. *American Seafood, Inc. v. Clawson*, 598 So. 2d 273 (Fla. 3d DCA 1992). Here, Plaintiff has failed to allege when the Blueprints were converted. There are no facts alleged that West-Hem converted the Blueprints for its own use or benefit. As a result, Count IV should be dismissed.

FTL:1574938:1

5

RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

D.  **All Counts Against West-Hem Should Be Dismissed Because Plaintiff Has Failed to Allege That Mr. Mazer Was Acting Within The Scope of His Employment and on Behalf of West-Hem**

In addition to the specific defects with the civil theft, conversion and unjust enrichment claims, all three (3) claims against West-Hem should also be dismissed because the Complaint fails to establish a basis to impose liability on West-Hem for Mr. Mazer's alleged criminal conduct. An action based on an employee's crime that is outside the scope of his employment fails to state a claim against the employer. *Sunshine Security & Detective Agency, v. Wells Fargo Armored Services, Corp.*, 496 So. 2d 246 (Fla. 3d DCA 1986); *Belmar, Inc. v. Dixie Building Maintenance, Inc.*, 226 So. 2d 280 (Fla. 3d DCA 1969).

There is no allegation that Mr. Mazer was acting within the scope of his employment when the alleged theft occurred. Further, Plaintiff alleges that Mr. Mazer " . . . at all times relevant to this Complaint, *was acting individually* and/or in his capacity as president of West-Hem." (Complaint, ¶10). Again, the Complaint fails to allege that West-Hem received the proceeds of the alleged sale to APM.

Based on the doctrine of respondeat superior, this Court should dismiss all three counts against West-Hem because West-Hem is not liable for Mr. Mazer's criminal actions which are clearly outside the scope of his employment and on behalf of himself.

E.  **Standard For Dismissal**

A complaint should be dismissed for failure to state a claim upon which relief can be granted if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (citing

FTL:1574938:1

6

RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). When ruling on such a motion, a court must view a complaint in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). A plaintiff, however, is required to do more than "label" its claims. *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996). If, "on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Here, dismissal of Plaintiff's claims against West-Hem is appropriate because the factual allegations do not support the alleged claims for relief against West-Hem.

## IV. CONCLUSION

In summary, Plaintiff fails to state a claim against West-Hem for civil theft, conversion or unjust enrichment. All three (3) counts against West-Hem should be dismissed as a matter of law, and West-Hem respectfully seeks an award of attorney's fees and costs.

WHEREFORE, Defendant, West-Hem Aircraft Supplies, Inc., respectfully requests that this Court enter an Order granting its Motion to Dismiss Plaintiff's Complaint with prejudice, and granting such other and further relief as this Court deems just and proper.

FTL:1574938:1

7

RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served by facsimile and U.S. Mail, this 29 day of November, 2005 to: G. Joseph Curley, Esq., Counsel for the Plaintiff, Gunster, Yoakley, et. al, Phillips Point-Suite 500 East, 777 South Flagler Drive, West Palm Beach, FL 33401-6194.

        Respectfully submitted,

        RUDEN, McCLOSKY, SMITH,
        SCHUSTER & RUSSELL, P.A.
        Counsel for West-Hem Aircraft Supplies, Inc.
        Post Office Box 1900
        200 East Broward Boulevard, 15th Floor
        Fort Lauderdale, Florida 33302
        Ph: (954)761-2914; Facsimile: (954)333-4114

By: _____
        Paul B. Ranis
        Florida Bar No. 0064408
        Daniel W. Matlow
        Florida Bar No. 384666

FTL:1574938:1

8

RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.



**GunsterYoakley**
ATTORNEYS AT LAW
CELEBRATING 80 YEARS

Our File Number:
Writer's Direct Dial Number: (561) 655-1980
Writer's E-Mail Address: gcurley@gunster.com

August 19, 2005

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Russell A. Mazer
2106 Valencia Drive
Delray Beach, Florida 33445

Re: Demand Letter for Damages Pursuant to Florida Statues §772.11

Dear Mr. Mazer:

This firm represents United Technologies, Inc. ("United Technologies") and the Pratt & Whitney ("Pratt") division of United Technologies. This letter is to inform you that, in accordance with Florida Statutes § 772.11, United Technologies hereby demands treble damages based on your theft of property belonging to Pratt and your dealing in stolen property belonging to Pratt, specifically, the stolen blueprints ("Blueprints") that you purchased from Anthony DiLorenzo, that he stole from Pratt.

As you may know, Mr. DiLorenzo pled guilty in federal court in Connecticut to unlawfully accessing a protected computer to acquire the Blueprints that you arranged to purchase from him. Your guilty plea to grand theft and dealing in stolen property in a Florida court prohibits you from denying those claims in subsequent civil action involving the same facts. As your liability for these unlawful and tortious acts is not in question, United Technologies hereby demands the sum of $1,000,000 (which represents treble damages).

You have thirty days from your receipt of this letter to comply with this demand. If you do not comply, we will institute an action seeking treble damages and attorney's fees. If you do comply, United Technologies will issue a written release, releasing you from any further liability for the specific acts which gave rise to this demand.

Please feel free to contact me directly should you have any questions in this regard.

Sincerely,

Joseph G. Santoro

JGS/cs
WPB 843990.1

**EXHIBIT "A"**

Gunster, Yoakley & Stewart, P.A.
Phillips Point • 777 South Flagler Drive, Suite 500 East • West Palm Beach, FL 33401-6194 • (561) 655-1980 • Fax (561) 655-5677 • www.gunster.com

FORT LAUDERDALE • MIAMI • PALM BEACH • STUART • VERO BEACH • WEST PALM BEACH