

FILED by SW D.C.
ELECTRONIC

Apr 13 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80980-CIV-RYSKAMP/VITUNAC

UNITED TECHNOLOGIES CORPORATION, )
                                                    )
        Plaintiff,                               )
                                                    )
vs.                                                        )
                                                       )
RUSSELL MAZER, WEST-HEM AIRCRAFT )
SUPPLIES, INC. and AIRCRAFT POWER    )
MAINTENANCE, N.V.                      )
                                                       )
        Defendants.                            )

### DEFENDANT, WEST-HEM AIRCRAFT SUPPLIES, INC. 'S, MOTION TO DISMISS COUNTS I, IV, VII, X AND XI OF PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, West-Hem Aircraft Supplies, Inc. ("West-Hem"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Counts I, IV, VII, X and XI of the Amended Complaint filed by Plaintiff, United Technologies Corp. ("United"). In support thereof, West-Hem states:

### I. INTRODUCTION

On March 20, 2006, this Court dismissed all three counts set forth against West-Hem. Subsequently, United filed an Amended Complaint re-alleging the same three counts against West-Hem and adding two additional counts. As explained below, United's Amended Complaint *fails to state a claim against West-Hem. Further, the allegations against West-Hem do not add up,* literally or metaphorically. Because Plaintiff has failed to state a claim upon

FTL:1728371:3

1
RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

which relief may be granted, West-Hem has filed this Motion to Dismiss the Amended Complaint.

## II. ARGUMENT

### A. Plaintiff Has Again Failed To State A Claim For Unjust Enrichment

Plaintiff has again failed to state a claim against West-Hem for unjust enrichment (Count VII). This Court previously dismissed the Complaint because:

> [a] complaint is subject to dismissal if it fails to allege that the defendant received a benefit from the plaintiff. The Complaint fails to allege that West-Hem received any of the profits of the alleged sale to APM.

Order Granting Motion to Dismiss, p. 10 (citations omitted). Additionally, this Court ruled that dismissal was proper because of United's use of the term "and/or" in its pleading. Order Granting Motion to Dismiss, p. 7. The Amended Complaint suffers from the same infirmities as the original Complaint.

Specifically, United alleges that "APM paid West-Hem *and* Mazer approximately $25,000 for the stolen Blueprints in 2004." Amended Complaint, ¶52 (emphasis added). At the same time, United alleges that "*Mazer* sold the Blueprints to APM for approximately $25,000." Complaint, ¶79. United also alleges that "*West-Hem* sold the Blueprints to APM for approximately $25,000." Complaint, ¶73. If Mazer and West-Hem each sold the Blueprints for $25,000, paragraph 52 of the Complaint would have to allege that Mazer and West-Hem sold the

FTL:1728371:3

2
RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

Blueprints for $50,000. In essence, United alleges that West Hem *and/or* Mazer sold the Blueprints for a total of $25,000.[1] This Court should not countenance United's "fuzzy math."[2]

Paragraph 65 of the Amended Complaint is also telling. United alleges that "[i]t would be inequitable to allow West-Hem, Mazer or APM to retain any benefit from the purchase, sale or use of the Blueprints without paying Pratt for such benefit." Amended Complaint, ¶¶65. In this paragraph, United is attempting a slight of hand. United never affirmatively alleges that West-Hem received any benefit from the purchase, sale or use of the Blueprints as is required to state a claim for unjust enrichment. Rather, paragraph 65 is phrased as a conditional proposition (i.e., if West-Hem participated in the alleged crime, it would be inequitable for West-Hem to profit from it). Although United has set forth an obvious truism, it is not enough to state a claim against West-Hem.

In summary, the Amended Complaint does not definitively allege that West-Hem received any benefit from the alleged sale of the Blueprints; this Court has already ruled that this constitutes an essential element of an unjust enrichment claim. Order Granting Motion to Dismiss, p. 10. The Amended Complaint should be dismissed as to West-Hem for making what amounts to the functional equivalent of "and/or" allegations.

---

[1] United makes the superficial allegation that West-Hem's Federal Express account was used in connection with the alleged heist. Amended Complaint, ¶¶27, 29. More importantly, United fails to allege that funds from West-Hem's bank accounts were used for the alleged purchase of the Blueprints or that West-Hem's bank accounts were used to deposit the proceeds from the alleged sale of the Blueprints.

[2] United never definitively alleges that West-Hem purchased the Blueprints. United alleges several times that "West-Hem and Mazer" purchased the Blueprints for $5,000. Amended Complaint, ¶¶26, 40. Yet, this allegation is meaningless as to West-Hem if West-Hem did not pay for the Blueprints. In fact, there is no allegation that West-Hem's funds were used to purchase the Blueprints.

FTL:1728371:3

3
RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

Because United knows that West-Hem received no profits from the alleged sale of the Blueprints, United is attempting to create a smoke-screen that West-Hem somehow used the Blueprints. To that end, the original Complaint alleged "West-Hem is in the business of buying and selling aircraft parts and related materials." Complaint, ¶4. This Court rejected United's argument, stating, ". . .there is no allegation that West-Hem is in the business of buying or selling blueprints, nor is there any allegation that West-Hem uses the blueprints to make parts or repairs." Order Granting Motion to Dismiss, p. 10. The Amended Complaint does not correct this deficiency. United presently alleges, "West-Hem is in the business of buying and selling aircraft parts and related support materials." Amended Complaint, ¶6. Even after having an opportunity to amend its pleading, United did not allege that West-Hem is in the business of buying or selling blueprints, or uses blueprints to make parts or repairs.

In short, Plaintiff has failed to plead that West-Hem retained any benefit from United. As the pleading alleges that Mr. Mazer orchestrated the alleged theft, there are no allegations that anyone other than Mr. Mazer retained the benefit of any sale to APM. Thus, Count VII should be dismissed, with prejudice.

**B.** **All Counts Against West-Hem Should Be Dismissed Because Plaintiff Has Failed to Unequivocally Allege That Mr. Mazer Was Acting Within The Scope of His Employment and on Behalf of West-Hem**

In addition to the specific defects with the counts alleged against West-Hem, the entire Amended Complaint should be dismissed as to West-Hem because it fails to attribute any of the alleged bad acts to West-Hem. This Court previously dismissed United's original Complaint for this very reason. In particular, the Court stated:

FTL:1728371:3

4
RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

> [t]he primary flaw the Court sees with UTC's claims against West-Hem is that the Complaint fails to attribute any of the alleged bad acts to West-Hem . . . <u>Jackham v. Hospital Corp. of America Mideast, Ltd.</u>, 800 F.2d 1577, 1578-1579 (11th Cir. 1986), cited by UTC, involved allegations that "the [subsidiary] acted in its capacity as an agent for [the parent company]." <u>Morgan Int'l Realty v. Dade Underwriters Ins. Agency</u>, 617 So.2d 455, 459 (Fla. 3d DCA 1993) is also distinguishable because the bad actor in that case was the sole corporate shareholder. Here, the allegations only indicate that Mazer is "one of the owners of West-Hem." (Complaint, ¶5). Had UTC properly alleged that Mazer was acting within the scope of his employment when he allegedly committed criminal acts, the question of whether that allegation was true would not be at issue on a motion to dismiss. Yet UTC has failed to plead in that manner, instead obscuring the nature of its allegations with "and/or" pleading . . . The Court will not permit UTC to hide behind boilerplate language based on the hope that it will ultimately obtain support for its allegations during discovery.

Order Granting Motion to Dismiss, p. 6-7.

The Amended Complaint suffers from the same problem. United prefaces many of its specific allegations as follows, "[a]s president of West-Hem, Mazer . . ." United could simply have alleged that West-Hem committed various acts, but it would have sabotaged United's action against Mazer. As such, United has purposely created an ambiguity in its pleading as to whether Mazer acted for himself or on behalf of West-Hem. In its general allegations, United makes two inconsistent allegations:

> Mazer was acting as the President of West-Hem and within the scope of his employment when he committed the tortious and criminal acts described in this Amended Complaint.
>
> Mazer personally participated in the conduct described in this Amended Complaint and was personally involved in the tortious and criminal conduct that resulted in UTC's injury.

Amended Complaint, ¶¶13-14. This amounts to and/or pleading, albeit shrouded in different verbiage. Additionally, Mazer's actions cannot be automatically attributed to West-Hem

FTL:1728371:3

because the Amended Complaint merely alleges that Mazer to have been a "substantial owner of West-Hem." Amended Complaint, ¶14. This is not any stronger than its previous allegation that "Mazer is one of the owners of West-Hem." Complaint, ¶5. Therefore, the case of Morgan Int'l Realty, 617 So. 2d at 459, is still distinguishable.

In pursuing Mazer and West-Hem simultaneously, the line United is trying to walk is so narrow that even its sophisticated attorneys cannot keep it straight; the Amended Complaint, flip-flops as to whether Mazer was acting individually or on behalf of West-Hem. For example, United alleges that the Blueprints were shipped from United's facility to Mazer, individually. Amended Complaint, ¶¶27-28, 77, 118-120, 136. Similarly, United alleges that Mazer, individually, arranged for the Blueprints to be shipped to Belgium. Amended Complaint, ¶51. Finally, United alleges that Mazer, individually, sold the Blueprints. Amended Complaint, ¶¶ 79, 121.

Aside from the technical pleading issue, the gravamen of the Amended Complaint—Mazer's alleged crime—does not give rise to a claim against West-Hem. An action based on an employee's crime fails to state a claim against the employer. *Sunshine Security & Detective Agency, v. Wells Fargo Armored Services, Corp.*, 496 So. 2d 246 (Fla. 3d DCA 1986); *Belmar, Inc. v. Dixie Building Maintenance, Inc.*, 226 So. 2d 280 (Fla. 3d DCA 1969). Therefore, the Amended Complaint should be dismissed as to West-Hem. United should not be granted leave to file a Second Amended Complaint against West-Hem because as a matter of law, Mazer's alleged criminal action could not be within the scope of his employment.

FTL:1728371:3

6
RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

Based on the doctrine of *respondeat superior*, this Court should dismiss all five counts against West-Hem because West-Hem is not liable for Mr. Mazer's alleged criminal actions which were, based on the allegations of the Amended Complaint, clearly outside the scope of his employment and were on behalf of himself.

### C.   Standard For Dismissal

A complaint should be dismissed for failure to state a claim upon which relief can be granted if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). When ruling on such a motion, a court must view a complaint in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). A plaintiff, however, is required to do more than "label" its claims. *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996). If, "on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Here, dismissal of Plaintiff's claims against West-Hem is appropriate because the factual allegations do not support the alleged claims for relief against West-Hem.

### III. CONCLUSION

In summary, all five (5) counts against West-Hem should be dismissed as a matter of law, and West-Hem respectfully seeks an award of attorney's fees and costs.

FTL:1728371:3

7
RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

WHEREFORE, Defendant, West-Hem Aircraft Supplies, Inc., respectfully requests that this Court enter an Order dismissing Count I, IV, VII, X, and XI of Plaintiff's Amended Complaint, with prejudice, and granting such other and further relief as this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served by E-Mail and U. S. Mail on this 13 day of April, 2006 to: Joseph Santoro, Esq., Counsel for the Plaintiff, Gunster, Yoakley, et. al, Phillips Point-Suite 500 East, 777 South Flagler Drive, West Palm Beach, FL 33401-6194; Russell Mazer, 2106 Valencia Drive, Delray Beach, FL 33445; Gary M. Bagliebter, Esq., Shutts & Bowen, LLP, 200 East Broward Blvd., Suite 2000, Fort Lauderdale, FL 33307.

Respectfully submitted,

RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
Counsel for West-Hem Aircraft Supplies, Inc.
Post Office Box 1900
200 East Broward Boulevard, 15th Floor
Fort Lauderdale, Florida 33302
Ph: (954)761-2914; Facsimile: (954)333-4114

By: _____
Paul B. Ranis
Florida Bar No. 0064408
*E-mail paul.ranis@Ruden.com*
Daniel W. Matlow
Florida Bar No. 384666
*E-mail: Daniel.matlow@ruden.com*

FTL:1728371:3