UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80980-CIV-RYSKAMP/VITUNAC

UNITED TECHNOLOGIES CORPORATION,

    Plaintiff,

v.

RUSSELL MAZER, WEST-HEM AIRCRAFT
SUPPLIES, INC. and AIRCRAFT POWER
MAINTENANCE,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RULE 11 SANCTIONS

THIS CAUSE comes before the Court pursuant to Defendant Aircraft Power Maintenance's ("APM") Motion for Rule 11 Sanctions, filed May 10, 2006 **[DE 54]**. Plaintiff United Technologies Corporation ("UTC") responded on June 19, 2006 **[DE 62]**. APM replied on June 26, 2006 **[DE 66]**. The Court held a hearing on this motion on September 22, 2006. This motion is ripe for adjudication.

### I. BACKGROUND

UTC filed this action on November 3, 2005. The initial complaint was a ten-count action asserting claims for civil theft, unjust enrichment and conversion against APM, West-Hem Aircraft Supplies, Inc. ("West-Hem") and Russell Mazer ("Mazer"). The original complaint also asserted a dealing in stolen property count against Mazer.

The initial complaint alleged that Mazer contacted a temporary employee of Pratt Whitney ("Pratt") in East Hartford, Connecticut and stated that he was interested in purchasing

proprietary blueprints related to the Pratt PWAJT8D engine ("engine"). Mazer and West-Hem allegedly purchased the prints for $5,000.00, far less than their market value. West-Hem and Mazer then allegedly sold the prints to APM for $25,000.00, also far less than their market value. APM, a Belgian corporation, moved to dismiss the Complaint for lack of personal jurisdiction. The Court granted the motion on the grounds that the Complaint contained no allegations that APM committed any tortious conduct in the State of Florida. All that the complaint alleged as to APM was that it received shipment of the prints in Belgium and that it tendered payment for same from Belgium to a Florida location.

The Amended Complaint added several allegations relating to APM, including that APM has worked with Pratt for several years, has repaired the engine, has purchased parts from West-Hem, has committed tortious or criminal acts in this jurisdiction, has knowingly and with felonious intent conspired to purchase the prints at a below market price for the purpose of using them and depriving Pratt of the benefit thereof, and that it planned the alleged theft at a time when its Managing Director, Wilhelm Loetschert ("Loetschert") was staying with Mazer in Riviera Beach, FL. Loetschert allegedly supplied a portion of the cash necessary for the purchase price and arranged to have Mazer ship the prints to Belgium to avoid having to carry the prints onto an airplane.

Loetschert, however, denied each jurisdictional allegation under oath. UTC was unable to meet its burden to counter Loetschert's denial, presenting in response a declaration from Andrew W. Dunphy, ("Dunphy") criminal investigator for the Defense Criminal Investigative Service, and Charles E. Brancato, custodian of records for the office of the Inspector General of the Department of Defense, which consists of notes Dunphy took during an interview with Mazer

Case 9:05-cv-80980-KLR   Document 90   Entered on FLSD Docket 10/24/2006   Page 3 of 5

during his state criminal prosecution.  Mazer essentially alleges that Loetschert was involved in the blueprints transaction.  The Court did not consider this evidence as it related to the personal jurisdiction question because it deemed it hearsay within hearsay pursuant to Fed.R.Evid.805.  The Court also ruled that UTC failed to allege that APM committed a tort within Florida that caused injury in this jurisdiction, a ruling that was also fatal to the conspiracy allegations.

APM requests Rule 11 sanctions against UTC and its counsel for allegedly failing to conduct a reasonable inquiry to determine whether their evidentiary claims against APM had evidentiary support.

## II.  LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure imposes a duty upon parties and their attorneys not to file or pursue meritless claims.  Specifically, Rule 11(b) states, in pertinent part, as follows:

> (b)  Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information or belief, formed after an inquiry reasonable under the circumstances, --…
>
> (3)  the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery…

Furthermore, Rule 11(c) authorizes a court to impose appropriate sanctions upon a party and its attorneys, after notice and a reasonable opportunity to respond, when subdivision (b) of the Rule has been violated.  Consequently, Rule 11 sanctions are proper when a party files a pleading that has no reasonable factual basis.  <u>Worldwide Primates, Inc. v. McGreal</u>, 87 F.3d 1252, 1254 (11th

Cir. 1996); Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993); Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir. 1991), cert. denied, 502 U.S. 855 (1991).

Rule 11 sanctions are imposed when a party's claims are "objectively frivolous, and that party should have reasonably been aware that its claims were frivolous." Altadis USA, Inc. v. NPR, Inc., No. 3:02-cv-660-J-16MCR, 2004 U.S.Dist. LEXIS 24482, at *7 (M.D. Fla. Nov. 1, 2004) (denying motion for imposition of Rule 11 sanctions). Claims are not frivolous, and Rule 11 Sanctions are not warranted "when evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." Id. (citation and internal quotation marks omitted); see also Cuthill v. Averett, Warmus, Durkee, Bauder & Thompson, P.A.., 318 B.R. 220, 225-226 (Bankr. M.D. Fla. 2004) (denying motion for sanctions and noting that "[a] complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations"). "Nothing in the language of the Rule empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified." Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987).

### III. DISCUSSION

The Court does not agree with the assertion that UTC failed to investigate reasonably its claims against APM. Prior to filing this action, UTC obtained a copy of Mazer's statement. UTC also spoke with a prosecutor from the Florida Attorney General's Office and a former United States Attorney for the District of Connecticut about Mazer's statement and the case in general. Furthermore, Mazer had pleaded guilty on state criminal charges relating to this matter. Although the guilty plea did not buttress UTC's jurisdictional argument, it strongly counsels

against a ruling that this action is manifestly frivolous.  Simply because the Court found that UTC was unable to make a jurisdictional case against APM does not mean that UTC's action against APM was "objectively frivolous."  Altadis USA, Inc., 2004 U.S. Dist. LEXIS 24482 AT *7.  Rule 11 sanctions are reserved "for deliberate, frivolous, and wanton causes of action – not merely actions dismissed upon motion."  Gelles v. Skrotsky, 15 F.Supp.2d 1295, 1297 (M.D. Fla. 1998).

### IV.  CONCLUSION

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that APM's Motion for Rule 11 Sanctions, filed May 10, 2006 **[DE 54]**, is DENIED.  It is also

ORDERED AND ADJUDGED that APM's Motion to Adjudicate, filed September 5, 2006 **[DE 74]**, is GRANTED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 19th day of October, 2006.

S/Kenneth L. Ryskamp

Copies provided:  
All parties and council of record

KENNETH L. RYSKAMP  
UNITED STATES DISTRICT JUDGE