## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80980-CIV-RYSKAMP/VITUNAC

UNITED TECHNOLOGIES CORP.,

     Plaintiff,

v.

RUSSELL MAZER, WEST-HEM AIRCRAFT
SUPPLIES, INC. and AIRCRAFT POWER
MAINTENANCE,

     Defendants.

_____/

## ORDER DENYING MOTION TO COMPEL

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion to Compel, filed December 1, 2006 **[DE 100]**. Defendant West-Hem Aircraft Supplies, Inc. ("West-Hem") responded on December 15, 2006 **[DE 101]**. Plaintiff replied on December 21, 2006 **[DE 102]**. This motion is ripe for adjudication.

## I.    BACKGROUND

Plaintiff served West-Hem with a subpoena duces tecum on September 29, 2006. On March 30, 2006, Plaintiff filed an amended complaint against West-Hem, Russell Mazer ("Mazer") and Aircraft Power Maintenance, N.V. ("APM") relating to the theft and sale of blueprints belonging to the Pratt & Whitney division of Plaintiff. Mazer, president and part-owner of West-Hem at the time of the theft, pled guilty to dealing in stolen property in a Florida state court criminal action on August 27, 2004. Plaintiff alleges that Mazer was acting in his capacity as president of West-Hem when he stole the blueprints. Plaintiff also alleges that Mazer is a 40% owner of APM. The Court granted

West-Hem's and APM's Motions to Dismiss the Amended Complaint and Entered Final

Judgments in Favor of West-Hem and APM.  Plaintiff has appealed these orders to the

11th Circuit.  Mazer is now the only remaining Defendant in this action.  The claims

against Mazer are for civil theft, conversion, dealing in stolen property and conspiracy.

## II.    DISCUSSION

West-Hem objected to eight of the 12 requests for production in the subpoena.

Prior to evaluating the individual discovery requests, the Court notes that West-Hem's

status as a non-party affects the scope of the answers it must provide to discovery

requests:

> The somewhat limited case law concerning non-party
> production of discovery materials reveals there is a case-
> specific balancing test wherein the court must weigh factors
> such as relevance, the need of the party for the documents,
> the breath of the document request, the time period covered
> by the requests and the particularity with which the
> documents are described against the burden imposed on a
> person ordered to produce the desired information.  See,
> e.g., Farnsworth v. Procter & Gamble Co., 758 F.2d 1545
> (11th Cir. 1985); American Electric Power Co., Inc. v.
> United States, 191 F.R.D. 132 (S.D. Oh. 1999).  Courts
> must also consider the status of a witness as a non-party
> when determining the degree of burden; the status of the
> person as a non-party is a factor often weighing against
> disclosure.  American Electric, 191 F.R.D. at 136.

See also Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc., 216 F.R.D. 533,

534 (M.D. Fla. 2003) (a non-party may object to a subpoena on grounds of relevance).

Fed. R. Civ. P. 45(c)(2)(B) also safeguards trade secrets and other confidential

information.  When the party responding to the subpoena shows that the requested

information is confidential and that its disclosure might be harmful, the party seeking

discovery must show that the information is not only relevant, but also necessary to its

case. See Mannington Mills, Inc. v. Armstrong World Industries, Inc., 206 F.R.D. 525,

529 ( D. Del. 2002).  "[D]isclosure of confidential information to a competitor is

presumed to be harmful to the disclosing entity." Cytodyne Technologies, 216 F.R.D. at

535 (citing American Standard Inc. v. Pfizer, Inc., 828 F.2d 734, 741 (Fed. Cir. 1987)).

Request No. One:

> All documents relating to the ownership of West-Hem.
>
> Response: Objection.  Overbroad.  Harassing.  Irrelevant.
> Further, seeks financial worth discovery as to West-Hem.
> The Court has already issued a Final Judgment in favor of
> West-Hem, dismissing all claims brought by Plaintiff.  No
> basis to turn over confidential ownership records to
> Plaintiff.

Plaintiff argues that it requires "all documents relating to the ownership of West-Hem"

because Mazer apparently did not know in his deposition who owned shares of West-

Hem or how many shares they owned.  Plaintiff claims the documents are relevant to

whether Mazer divested himself of his interest in West-Hem as part of resolution of his

criminal proceeding.  This is not an element of any claim or defense against Mazer,

however.  Plaintiff maintains that such information goes toward ascertaining Mazer's

credibility as to whether he divested himself of his interest in West-Hem, but the Court

does not see that such information is essential for attacking Mazer's credibility; Mazer

has already pleaded guilty to stealing the blueprints in the state court criminal action.  See

Fed. R. Evid. 609(a); 404(b) (explaining use of prior convictions to assess credibility of a

defendant witness).  Plaintiff next argues that these documents are relevant to "whether

West-Hem is really a corporation or just a legal fiction."  The amended complaint does

not set forth a veil piercing claim, however.  At present, there is no corporate defendant

remaining in this matter, thus any concept of veil piercing is inapplicable.  As West-Hem

is no longer a defendant in this matter, documents relating to its stock ownership are

irrelevant.  Although the request does not explicitly seek financial worth information, the

request is so overbroad that a response could very well encompass such information.  The

request is overbroad and harassing because Plaintiff makes no effort to specify a

particular document or type of document that would be responsive to the request.

Request No. Two:

> All documents relating to the ownership of APM, including
> but not limited to all documents relating to the ownership
> of any interest in APM by West-Hem, Russell Mazer or
> Samuel Mazer.
>
> Response: Objection.  Overbroad.  Harassing.  Irrelevant.
> Further, seeks financial worth discovery as to West-Hem.
> The Court has already issued a Final Judgment in favor of
> West-Hem, dismissing all claims brought by Plaintiff.  No
> basis to turn over confidential ownership records to
> Plaintiff.

This request is overbroad and unduly burdensome on West-Hem.  It is difficult to

conceive of the nature or amount of documentation West-Hem would have to produce to

respond to this request.  Again, the ownership of West-Hem is not relevant in this matter

as West-Hem is not a defendant in this case.  Even if the documents relate to the alleged

relationship between Mazer and Loetschert, the nature of that relationship is not

necessary for Plaintiff to prove any of the elements of its case against Mazer.  Again,

Plaintiff already has fodder to attack Mazer's credibility, if necessary. Finally, documents

relating to the ownership structure of a closely held corporation are confidential.

Request No. Five:

> All documents relating to meetings of the Board of
> Directors of West-Hem from January 1, 2000 to the
> present, including but not limited to minutes of those
> meetings.
>
> Response: Objection. Overbroad. Harassing. Irrelevant.
> Further, seeks financial worth discovery as to West-Hem.
> The Court has already issued a Final Judgment in favor of
> West-Hem, dismissing all claims brought by Plaintiff. No
> basis to turn over confidential ownership records to
> Plaintiff.

A request for documents "relating to Board of Directors meetings" is so amorphus so as

to have no limiting principle. Plaintiff speculates that these documents, whatever they

are, contain information relating to the alleged theft of the blueprints. Plaintiff offers no

reason as to why it believes these documents contain such information. Plaintiff claims

these documents are necessary to assess Mazer's credibility, as Mazer has denied being a

President of West-Hem, a substantial owner thereof or one responsible for its daily

operations. Again, Mazer has already admitted to stealing the blueprints in the criminal

action, thereby reducing the need for further evidence going toward his credibility.

Plaintiff also claims that these documents are necessary to allow it to determine whether

West-Hem has complied with corporate formalities. Why such information is relevant in

light of West-Hem's dismissal from this action is unclear. Plaintiff next claims that these

documents are necessary to determine "whether the directors were individually

supervising the actions on selection of Mazer as president." The claims against West-

Hem were dismissed with prejudice, however, with the result that West-Hem should not

be required to expose confidential business documents so that Plaintiff can implicate it in

the alleged wrongdoing subsequent to its dismissal.

Request No. Six:

> All documents relating to communications between West-
> Hem and APM.
>
> Response: Objection. Overbroad. Harassing. Irrelevant.
> Plaintiff failed to establish any time frame for its request.
> Further the Court has already issued a Final Judgment in
> favor of West-Hem, dismissing all claims brought by
> Plaintiff.

It is difficult for the Court to conceive of a more overbroad discovery request. The
request is not even limited to a particular time period. Plaintiff claims it needs these
documents because Mazer testified he was unsure what was said in his conversations
with Loetschert. The Court cannot discern how West-Hem would have documents
responsive in this regard, however. Plaintiff has not suggested or pointed to any
deposition testimony that Mazer kept a journal of his conversations. Plaintiff also claims
that these documents are relevant to the claim that Mazer conspired with West-Hem and
APM to obtain the blueprints. West-Hem and APM have been dismissed with prejudice
from this lawsuit, however.

Request No. Eight:

> All documents relating to sales made by West-Hem to
> APM.
>
> Response: Objection. Overbroad. Harassing. Irrelevant.
> Further, seeks financial worth discovery as to West-Hem.
> The Court has already issued a Final Judgment in favor of
> West-Hem, dismissing all claims brought by Plaintiff. No
> basis to turn over confidential records and trade secrets to
> Plaintiff.

Again, this request is overbroad. If Plaintiff desired documents relating to the sale of the
blueprints, it should have so specified. Plaintiff states that it needs these documents to

establish the specifics of West-Hem's business history with APM.  Such information is

not relevant to any claim or defense against Mazer.  Whether APM is subject to personal

jurisdiction in Florida is also irrelevant as APM has been dismissed on the grounds of

lack of personal jurisdiction.  Plaintiff also claims that these documents are relevant to its

claim that "Mazer instructed West-Hem employees to create invoices showing sales from

West-Hem to APM for the amount APM was to pay West-Hem for the stolen Blueprints,

payments received by West-Hem from APM for the stolen Blueprints..." This allegation

is not even referenced in the subject pleadings, however.  Documents relating to sales

could also be construed as an attempt at obtaining financial worth discovery, but such is

not appropriate absent a punitive damages claim.  The sales figures also represent

confidential information.

Request No. Nine:

>All documents relating to payments made to West-Hem by
>APM.
>
>Response: Objection.  Overbroad.  Harassing.  Irrelevant.
>Further, seeks financial worth discovery as to West-Hem.
>The Court has already issued a Final Judgment in favor of
>West-Hem, dismissing all claims brought by Plaintiff.  No
>basis to turn over confidential records and trade secrets to
>Plaintiff.

West-Hem should not be required to open its entire financial books to Plaintiff because

Plaintiff speculates that such records contain documents relating to the blueprints.  It is

unclear why payments to West-Hem are relevant when Plaintiff has alleged that Mazer

stole certain property.  Again, these documents are confidential in that they implicate the

release of confidential sales information.

Request No. 10:

>All documents related to the transfer of assets from West-Hem to any other person or entity.

>Response: Objection. Overbroad. Harassing. Irrelevant. Further, seeks financial worth discovery as to West-Hem, which is not a judgment debtor in this action. The Court has already issued a Final Judgment in favor of West-Hem, dismissing all claims brought by Plaintiff.

This request is also overbroad. As written, it could even embrace the regular paychecks that West-Hem made to its employees. Plaintiff attempts to narrow its request in its motion to compel, stating that these documents are relevant or likely to lead to admissible evidence relating to whether West-Hem has transferred assets to Mazer or APM, as well as the assets and financial worth of Mazer. Plaintiff has no claim for punitive damages against Mazer, nor has it obtained a judgment against him, however. Nor does Plaintiff have a pending claim against West-Hem. Finally, to the extent that the request embraces the distribution of profits to owners of West-Hem and information about its assets, it represents financial worth discovery and therefore implicates the release of confidential information.

Request No. 12:

>All documents relating to West-Hem's purchase or acquisition of Russell Mazer's ownership interest in West-Hem.

>Response: Objection. Overbroad. Harassing. Irrelevant. Further, seeks financial worth discovery as to West-Hem. The Court has already issued a Final Judgment in favor of West-Hem, dismissing all claims brought by Plaintiff. No basis to turn over confidential ownership and sales records to Plaintiff.

The Court fails to see how West-Hem's purchase or acquisition of Mazer's ownership interest therein relates to Mazer's potential liability in this action.  Again, Plaintiff already has information available to it to attack Mazer's credibility.

### III.    CONCLUSION

THE COURT, having considered the parties' written submissions and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the motion to compel is DENIED.  As the subpoena imposes an undue burden, West-Hem shall be entitled to receive its reasonable attorneys' fees incurred in responding to the subpoena pursuant to Fed.R.Civ.P. 45(c)(1).

DONE AND ORDERED at Chambers in West Palm Beach, Florida this ___ day of March, 2007.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE